case that the debt to the wife, ascertained with precision, had been incurred in the purchase and improvement of the property, and that it was conveyed to pay or secure that amount, as had · been repeatedly promised.

I will advise a decree that the conveyances be set aside as to complainant's judgment.

*Mr. John Linn*, for the appellant.

*Mr. Charles D. Thompson*, for the respondent.

PER CURIAM.

Decree affirmed, for the reasons given in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, ABBETT, DEPUE, DIXON, LIPPINCOTT, MAGIE, REED, VAN SYCKEL, BOGERT, BROWN, CLEMENT, KRUEGER, SMITH—13.

*For reversal*—None.

---

EDWIN BEEKMAN, administrator *pendente lite* of Christian Grimm, deceased, appellant,

*v.*

SARAH COTTRELL, administratrix of Thomas J. Cottrell, deceased, et al., respondents.

1. A bill in equity for the recovery of a chattel will not be retained when the complainant's remedy at law is adequate and certain.

2. An action will not lie in equity against the administratrix, widow and heirs-at-law of an intestate—(1) For the specific performance of a contract alleged to have been made by the intestate to execute a chattel mortgage and an agreement for indemnity. (2) To declare an informal paper a valid chattel mortgage, or to reform it so as to make it conform to statutory requirements.

22

(3) To recover moneys fraudulently obtained by the intestate, or for rent of a chattel due from him, or for rent accruing therefor after his decease.

3. The bill will not be retained to grant such relief because it prays for discovery as to the charges therein.

The bill was originally filed by Christian Grimm in his lifetime, and alleges substantially that in the early part of 1890 Thomas J. Cottrell induced the complainant to purchase a naphtha launch, and rent it to said Cottrell, under representations that one could be bought for $1,500, and that the hiring of one to pleasure parties on the Shrewsbury river could be made to earn the first cost in a year or two. That complainant was an old man, quite infirm and helpless, and dependent upon those around him, and that relying on the representations of Cottrell he furnished the latter with $1,500 with which to purchase the same, Cottrell agreeing to lease the launch and run and manage it for his own benefit and profit, paying a rent to the complainant therefor at the rate of $90 a year, payable semi-annually, Cottrell to keep the launch in good repair and order at his own expense. Cottrell further agreed to give to the complainant a chattel mortgage to cover certain boats which belonged to him, for the purpose of securing the performance of his agreement with complainant, and to indemnify complainant against loss on account of the transaction, or injury or loss of the launch while in the hands of Cottrell; and further, that the agreements should be put in writing by counsel, and that the chattel mortgage and any other papers necessary to carry out the agreements should be duly executed by Cottrell and delivered to the complainant at an early date. That Cottrell bought a launch with the money furnished by complainant, stating to the latter that it had cost $1,500, but which complainant afterwards ascertained had only cost, with the extras, $1,085. That Cottrell called the launch the complainant s, and always spoke of it to complainant as complainant's launch, but kept possession of and used it during the boating season of that year and received the profits and earnings thereof. That Cottrell paid complainant for six months of the said year $45, and afterwards $20 on account of the second six months, as rent of the launch under the agree-

ment.    That in May, 1890, Cottrell gave complainant a written paper, as follows :

"HIGHLANDS, May 12, 1890.

"This is a chattel mortgage given by T. J. Cottrell to Christian Grimm on the following named property: The Mattie 18 feet long—one 16 ft. Bateau— The Houston 17½ ft.—1 16 ft. Bateau—Anny 18 ft.—Bateau 16 ft.—Sarah P. 18 ft.—Bateau 16 ft.—1 Whitehaule 18 ft.—Bateau 16 ft.—1 Dead Rise 14 ft.—Bateau 14 ft.—Yacht Tarrier 17 ft.    This is given for the sum of $1500.

"THOMAS J. COTTRELL.

"Witnessed by WILLIAM COTTRELL."

The bill alleges that the list of boats in this paper were to be mortgaged to complainant to secure and indemnify him from any loss on account of his transaction with Cottrell, and to secure a full performance of the agreements between them.    That complainant often urged Cottrell to accompany him to the office of counsel to execute and deliver a valid chattel mortgage, and to procure the agreements between them to be put in writing and signed.    That while Cottrell always expressed himself willing to do so, he always found some plausible excuse for postponing the matter.

That in April, 1891, Cottrell died intestate, without having signed any formal agreement or executing and delivering said chattel mortgage to secure complainant.

That Sarah Cottrell, the widow, was granted letters of administration in Monmouth county on the estate of her deceased husband, May 5th, 1891.    That she caused an inventory and appraisement of the personal estate to be made and filed in the surrogate's office May 5th, 1891, and took on herself the burden of administration of the estate of her husband.    That the inventory includes the launch of complainant, which is therein valued at $1,000, and it also shows other property, chiefly boats agreed to be mortgaged to complainant as aforesaid, appraised at the amount of $266.40, and that of these boats inventoried and appraised the major part in number and value were selected by Sarah Cottrell and reserved for the use of her family, amounting as inventoried to above $184 ; that no household furniture or utensils were included in the inventory.    That Thomas J. Cottrell left eight children him surviving, two sons and six daugh-

·ters (naming them). That complainant demanded rent for the said launch from the said administratrix, who refused to pay any and denied complainant's right thereto, or any claim of his against the estate of her husband. The complainant made a demand on said administratrix, in writing, May 19th, 1891, for the delivery to him of the said launch, and that she refused to deliver the same to complainant. That the estate of Thomas J. Cottrell is very small, and constitutes a very inadequate security to complainant against loss or injury to the launch, or for indemnity for the $1,500 furnished by complainant to purchase the same. That some or all of the boats selected by the widow were those referred to in the paper of May 12th, 1890. Complainant alleges that his claim to the property is prior in time to said Sarah Cottrell's, and constitutes a prior right in this court. Then specifies the boats selected by the widow, with the appraised value, and again avers that some of them were those agreed to be covered by the chattel mortgage to complainant, and that the remainder, if any, are boats exchanged for or purchased in lieu of boats agreed by Cottrell to be covered by the chattel mortgage. That the attorney of said administratrix advised complainant to give up his claim for indemnity and for the launch, and to present a claim to the administratrix as a general creditor of the estate. Charges that Sarah Cottrell is combining and conspiring with other persons to cheat and defraud him out of his launch and security. Alleges that he has only recently discovered where Cottrell purchased the launch, and many of the facts about the purchase thereof. He then states with particularity where the launch was purchased, the price before named, $1,050, with extras amounting to $35, and says that all the purchase price was paid by Cottrell without disclosing his agency for complainant. That the launch is greatly out of repair and damaged by careless and ignorant usage and in imminent danger of partial or entire destruction by fire, explosion and reckless or incompetent management by the persons placed or permitted to be in charge of it by said Sarah Cottrell, and alleges that the defendants claim that Cottrell and not complainant was the owner of the launch, and that the administratrix or the other

Beekman v. Cottrell.

defendants, or some of them, have kept, used and run it, and received the income, ever since the death of Thomas J. Cottrell, and continue so to do, and claim that they or some of them own the launch and have a legal title to it, and deny complainant's rights or claim against the launch and other boats. That Cottrell falsely and fraudulently represented to complainant that the launch had cost $1,500, and made many false statements and representations to complainant about the price and cost of such a launch, and the profitableness of running it for pleasure parties, and about his readiness to sign any agreement or other papers necessary to be made between the complainant and himself, and made such representations to induce complainant to rely thereon, and, relying thereon, to furnish him, said Cottrell, with the sum of $1,500 to purchase a launch for complainant through said Cottrell, to be rented to said Cottrell by complainant. Charges that Cottrell never executed and delivered to complainant the formal chattel mortgage securities to cover the boats and property. Repeats the charges as to the administratrix filing the inventory and appraisement. Charges that it fraudulently includes the launch of complainant, and that the administratrix fraudulently refused to give up or pay rent for it; that the continues to use said launch and keep the rents, issues and profits thereof. Prays for answer and discovery as to the charges of the bill; as to the estate of which Thomas J. Cottrell died seized; as to what Cottrell did with the residue of the $1,500, and as to the profits of the defendants received from the use of the launch since the death of Cottrell, as well as from the use of the boats owned by Cottrell at his decease; and that the complainant may have the said launch decreed to have been purchased for and to be the property of complainant and to be delivered to him; and that the agreements between Cottrell and complainant providing for $90 rent; and that the launch be kept in good repair at the expense of Cottrell, and the chattel mortgage to cover the boats of Cottrell should be executed and delivered to complainant, may be specifically enforced against and performed by the administratrix, widow, next of kin and heirs-at-law of the said Thomas J. Cottrell, deceased; and that complainant may be indemnified

against loss on account of the said agreements and transactions of complainant with said Cottrell, his heirs, next of kin, administratrix or any or all of them, out of the estate of said Cottrell; and that complainant's claim for indemnity and security may be decreed a lien upon all the estate, real and personal, of the said Thomas J. Cottrell, deceased, prior to the claims or rights of the widow, administratrix, heirs-at-law and general creditors of the estate, and all other persons claiming under them. For a receiver of the launch and other boats and personal property of Thomas J. Cottrell, deceased, and that the balance of the sum of $1,500 furnished by complainant to Cottrell, and not used by him in the purchase of the launch, be decreed to belong to complainant, together with the interest accruing thereon, to be repaid to him out of the estate of said Cottrell, deceased. That the said Sarah Cottrell, Sarah Cottrell, administratrix, and any or all of the defendants, account to complainant for the profits from the launch, and from the boats owned by Thomas J. Cottrell at his death, in order that complainant may be indemnified, and that the writings signed and delivered by Thomas J. Cottrell to complainant, dated May 12th, 1890, may be decreed to be of the same force and effect as a formal and valid chattel mortgage on the property named therein, with all other property exchanged therefor, or purchased in lieu thereof as against the defendants and all persons claiming under them, and for other and further relief.

Many of the above charges of the bill are repeated, with allegations that thereby the complainant was defrauded.

On appeal from an order dismissing the bill of complaint in *Grim* v. *Cottrell*, on motion to dismiss the bill under the two hundred and thirteenth rule, advised by Vice-Chancellor Green, whose conclusions are as follows:

My conclusions in this case, assuming the truth of the statements of the bill, are—

*First.* The suit cannot be maintained against the widow and children.

Beekman v. Cottrell.

*Second.* The title to the launch never was in Thomas J. Cottrell; he bought it for complainant, recognized it as complainant's property by his declaration that it was his and by paying money for its rent; nothing then prevents his suit at law to recover it of the administratrix.

*Third.* So far as the difference between the amount alleged to have been paid for the launch and the amount given Cottrell for that purpose, and for balance of rent for the first year, complainant is a general creditor of the estate; for rent after first year, since Cottrell's death, his action is against those who have used the launch.

*Fourth.* The bill cannot be maintained against the widow administratrix, and next of kin and heirs-at-law, on the facts alleged for discovery, nor for the specific performance of the alleged agreement to execute a chattel mortgage, to indemnify complainant against loss in the transaction.

*Fifth.* The motion should be granted and the bill dismissed, with costs.

*Mr. John S. Applegate,* for the appellant.

*Mr. Henry M. Nevius,* for the respondents.

PER CURIAM.

Decree affirmed, for the reasons given in the court of chancery.

*For affirmance* — THE CHIEF-JUSTICE, ABBETT, DEPUE, DIXON, GARRISON, LIPPINCOTT, MAGIE, REED, VAN SYCKEL, BROWN, CLEMENT, KRUEGER, PHELPS, SMITH—14.

*For reversal*—None.